HARDY, Judge.
Plaintiffs instituted this petitory action praying to be recognized as the owners and, as such, entitled to the possession of a particularly described tract of land in Avo-yelles Parish, Louisiana, a portion of which tract had been fenced and claimed by defendant. From judgment in favor of defendant rejecting plaintiffs’ demands the plaintiffs have appealed.
The issue presented is exclusively factual in nature and no question of law has been raised by either party. The dispute must be resolved by a judicial determination of one single boundary marker to which reference is made in the title deed of the defendant. Such determination can be made only upon the basis of the evidence adduced on trial and the conclusions to be drawn therefrom.
With the sole exception of the location of the disputed boundary marker all other material facts have been established without contradiction.
By an act of partition dated March 5, 1921 Gerand Dupuy acquired a seventeen-acre tract of land which embraced all of the property herein claimed by both plaintiffs and defendant. By act of conveyance dated March 14, 1947, Gerand Dupuy sold and conveyed to his son, Caldwin Dupuy, a tract of land described as follows:
A certain lot or parcel of land, lying, being and situated West of the Town of Marksville, having a frontage on the Alexandria paved highway of fifty yards by a depth between parallel lines of one hundred and thirty five yards, bounded on the North by balance of tract of vendor, on the South by land of Jos. B. Beauregard, East by said Highway, and West by land of J. M. Brouillette.
By deed of conveyance dated November 8, 1952, the heirs of Gerand Dupuy, deceased, sold and conveyed to Joe Gaspard, the defendant herein, a tract of land described as follows:
A certain tract or parcel of land situated, lying and being in the 2nd ward of the Parish of Avoyelles, La. and described as being a lot of land, together with all the buildings and improvements thereon situated and lying thereto and described as being 5 arpents of land more or less, and being on the Marksville-Alexandria Paved Highway on the South of the said Paved Highway and about 2 miles from the Court House of Marksville, La. and being bounded on the north by James J. Brouillette, south by Caldwin Dupuy East by the Paved Plighway running from Marksville to Alexandria, La. and West by James Brouillette, and boundaries are the Telephone Post on the South east Corner on the Highway, and Thorn Tree on the South West Comer, and a Sasafrant Tree on the North Eastern corner.
By deed of conveyance dated June 8, 1953, Caldwin Dupuy sold and conveyed to Ogere J. Scallan, Sr. and Ogere J. Scallan, Jr., the plaintiffs herein, a tract of land described as follows:
A certain tract or par cel of land, situated approximately one mile west of the Town of Marksville, in the Second Ward of the *416 Parish of Avoyelles, State of Louisiana, having a front of one hundred fifty (ISO) feet on the west side of the Marksville-to-Alexandria concrete highway, by a depth between parallel lines of four hundred five (40S) feet, and being bounded, now or formerly, on the North by Jóe Gaspard, on the South by Jos. B. Beauregard, on the East by state highway, and on the West by J. M. Brouillette; together with all the buildings and improvements thereon.
Sometime prior to the institution of this suit, which was filed by plaintiffs on June 1, 1955, defendant fenced and asserted a claim of ownership to a substantial portion of the property allegedly embraced in plaintiffs’ deed from Caldwin Dupuy.
The crux of the question presented by this litigation is to be found in the location of the “Thorn Tree on the South West Corner” which was fixed as one of the boundary markers of the property conveyed by the heirs of Gerand Dupuy to the defendant, Joe Gaspard. This simple factual issue is complicated by two possible locations of the boundary tree. Plaintiffs contend that the tree referred to in defendant’s deed was located on a boundary line between the property of the Gerand Dupuy Estate and the property of J. M. Brouillette to the west; that the tree died and was cut and removed, including the stump thereof, by the defendant, Joe Gaspard. On the other hand, defendant contends that the thorn tree boundary marker, to which reference was made in the deed, is a fourteen-inch, twin-thorn tree located some 140 feet northeast of the location contended by plaintiffs, which tree was alive and flourishing at the time of trial.
The effect of these opposed contentions is to place in dispute a triangular strip of land which would embrace approximately one-half of the tract of land claimed by plaintiffs.
In preparation for the trial of this case plaintiffs procured a survey of their property by Claude E. McMath, a registered surveyor, who prepared a plat of his survey which was filed in evidence. With reference to the making of his survey and the preparation of his plat, Mr. McMath testified that he had located the southwest corner of defendant’s property as being a stump hole from which, according to the nature of surrounding debris, a thorn tree had been removed; that this stump hole was pointed out and identified as the location of the thorn tree by Mr. Caldwin Dupuy, the former owner of the property and plaintiffs’ vendor. This witness testified that the point which he accepted as marking the location of the thorn tree marker was the only point which satisfied and conformed with the other descriptive boundaries set forth in the deed to Gaspard. We regard the testimony of McMath, together with the testimony of Caldwin Du-puy, as being highly significant. Dupuy, who was not only a prior owner of the disputed property and plaintiffs’ vendor, was also one of the heirs of Gerand Dupuy, who joined in the conveyance to defendant. In these capacities Caldwin Dupuy’s only interest was in the correct establishment of the boundary marker, and his familiarity with the property as a prior owner, in whole or in part of the entire tract, unquestionably placed him in a more advantageous position with reference to the location of the marker than any of the other witnesses.
An examination of the testimony of defendant, Gaspard, not only fails to detract from the weight of the testimony of the witnesses above considered, but, by its inconsistency and inexplicable effect, increases and corroborates the validity of the location which they fixed. For example, Gas-pard, although admittedly an experienced timber man who, according to his own testimony, had cut wood all his life, refused to say whether the dead tree which he cut down and removed was a thorn tree or not. His testimony was “I won’t swear it is not and I won’t swear it is.” Additionally, Gas-pard testified that after removing the dead tree he put another fence post in the stump hole. It is difficult to understand the need for a fence at this point and no explanation *417 thereof was offered. Within reason, it can only be concluded that Gaspard replaced the fence post because the fence was on the common boundary with plaintiffs’ property to the south and the Brouillette property to the west and marked the true southwest corner of the defendant’s property.
Despite the positive testimony of Mc-Math and Dupuy as to the identification of the old thorn tree and its location as opposed to the equivocal testimony of Gaspard on the same point, the district judge accepted the living thorn tree as the boundary marker on the ground that, while he did not know which thorn tree was the one to which reference was made in the deed, he did not feel that the facts had established plaintiffs’ contention by a preponderance of the evidence. We respectfully, but nonetheless firmly, differ from this conclusion. As above pointed out, the positive and entirely credible testimony of McMath and Dupuy far outweighs the uncertain testimony of Gaspard and, additionally, we think the fact that the point located by McMath’s survey confirms the other boundary location fixed as the property of James M. Brouillette on the west. To accept the other “(t)horn” of the dilemma would result in the location of a boundary marker at a point which has no relation to any of the established facts and which, in the final analysis, depends for its correctness only upon the fact that it is a living thorn tree.
For the reasons set forth the judgment appealed from is reversed and set aside and there is now judgment in favor of plaintiffs, Ogere J. Scallan, Sr. and Ogere J. Scallan, Jr., recognizing them as owners and entitled to the possession of the property described as follows, to-wit:
A certain tract or parcel of land, as particularly shown by plat of survey of Claude E. McMath, surveyor, dated December 12, 1956, which property is situated approximately one mile west of the Town of Marksville, in the Second Ward of the Parish of Avoyelles, State of Louisiana, having a front of one hundred fifty (150) feet on the west side of the Marksville-Alexandria concrete highway, by a depth between parallel lines of four hundred five (405) feet, and being bounded, now or formerly, on the North by Joe Gaspard, on the south by Jos. B. Beauregard, on the East by state highway, and on the West by J. M. Brouillette; together with all the buildings and improvements thereon. Being the same property acquired by Caldwin Dupuy from Gerand Dupuy on March 14, 1947, by deed recorded in Conveyance Book A-128, Folio 135 of the official records of the Parish of Avo-yelles, State of Louisiana.
It Is Further O'rdered that all costs are assessed against defendant-appellee.